UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUDITH LYNN HITCHCOCK, on behalf of M.L.H., a minor child,<br><br>Petitioner,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Respondent. | Case No. 2:18-cv-00083-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Petitioner Judith Hitchcock filed a petition for review on behalf of her minor daughter on February 20, 2018, seeking a reversal or remand of the Respondent's denial of social security benefits. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner.

---

[1] Petitioner did not refer to the Commissioner by name in her Petition for Review. The Court notes that Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, and replaced Acting Commissioner Nancy A. Berryhill. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL HISTORY

Petitioner filed an application for child's supplemental security income benefits on July 14, 2014. This application was denied initially and on reconsideration, and a hearing was conducted on September 28, 2016, before Administrative Law Judge (ALJ) Marie Palachuck. After considering testimony from Petitioner's mother, a medical expert, and Petitioner,[2] ALJ Palachuck issued a decision on November 15, 2016, finding Petitioner not disabled. Petitioner timely requested review by the Appeals Council, which denied her request for review on December 19, 2017.

Petitioner timely appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing on September 28, 2016, Petitioner was fifteen years of age and had begun her first year of high school. Petitioner had no past relevant work experience. Petitioner alleges disability due to the following impairments, which the ALJ found to be severe: attention deficit hyperactivity disorder; high functioning autism spectrum disorder versus pervasive developmental disorder; and depressive disorder. (AR 23.)

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42

---

[2] Petitioner states that Sharon F. Welter, a vocational expert, testified at the hearing. While Ms. Welter was present during the hearing, she did not testify. Testimony from a vocational expert is not necessary in a child's case. (AR 45.)

**MEMORANDUM DECISION AND ORDER - 2**

U.S.C. § 405(g); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The Court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006); *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

A child under the age of eighteen is disabled within the meaning of the Social Security Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous

**MEMORANDUM DECISION AND ORDER - 3**

period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i) (as amended); *see* 20 C.F.R. § 416.906; *see Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000) (citing § 1382c(a)(3)(C)(i)). The three-step evaluation process applicable to child disability applications requires the ALJ to determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment or combination of impairments that is severe; and (3) whether the claimant's impairment or combination of impairments meets or medically equals the requirements of a listed impairment, or functionally equals the listings. 20 C.F.R. § 416.924(b)-(d). "[I]f the child's impairment or impairments do not meet, medically equal, or functionally equal in severity a listed impairment, the child is not disabled." *Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997) (citing 20 C.F.R. § 416.928 (a)); *see* 20 C.F.R. §§ 416.902, 416.906, 416.924-416.926a (regulations concerning childhood disability standards).

To meet a listed impairment, a claimant must show that her impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). To medically "equal" a listed impairment, a claimant must present medical findings at least equal in severity and duration to all of the criteria for the most similar listed impairment. *See Sullivan*, 493 U.S. at 531; *Tackett*, 180 F.3d at 1099-1100; 20 C.F.R. § 416.926 (discussing medical equivalence for adults and children).

If a child disability claimant does not have an impairment or combination of

**MEMORANDUM DECISION AND ORDER - 4**

impairments that meets or medically equals any listing, the ALJ must consider whether it "functionally equals" a listed impairment. 20 C.F.R. §§ 416.924(a), 416.926a. "Functional equivalence" is determined not by reference to the criteria for any particular listed impairment, but by reviewing all relevant information in the case record, including information from a broad range of medical sources and nonmedical sources, to assess the child's functioning in six areas, which are referred to as domains. *See* 20 C.F.R. § 416.926a. The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). An impairment or combination of impairments functionally equals a listing if, applying criteria detailed in the Commissioner's regulations, it results in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (e)(1).

The ALJ found that Petitioner did not have an impairment or combination of impairments that functionally equaled the severity of a listed impairment.[3] Although numerous objective tests documented Petitioner's poor processing speed, the ALJ determined Petitioner had less than a marked limitation in acquiring and using information, and in attending and completing tasks. In making these two determinations,

---

[3] The ALJ considered first whether Petitioner had an impairment or combination of impairments that met or medically equaled the severity of Listing 112.02 (organic mental disorders); 112.04 (mood disorders); and 112.10 (autistic disorder and other pervasive development disorders). (AR 23.) The ALJ concluded Petitioner did not establish listing level severity. Petitioner does not contest this finding.

**MEMORANDUM DECISION AND ORDER - 5**

the ALJ considered cognitive testing; her grades in school; Petitioner's school progress in 2014, 2015, and 2016; teacher questionnaires; and Petitioner's extracurricular activities. (AR 26, 27, 31, 32.).)

Petitioner challenges the ALJ's finding that Petitioner did not functionally equal one of the listings, with marked limitations in acquiring and using information, and attending and completing tasks.[4] Petitioner contends the ALJ committed harmful error because the ALJ did not adequately consider Petitioner's test scores and her low processing speed, and the statements from teachers about her classroom performance.

An impairment is considered marked if it "seriously interferes with your ability to independently initiate, sustain, or complete activities ... the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(i). Alternatively, a marked limitation may be found if a claimant has "a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on a comprehensive standardized test designed to measure ability or functioning in that domain, and…day-to-day functioning in domain-related activities is consistent with that score. (See paragraph (e)(4) of this section.)" 20 C.F.R. § 416.926a(e)(2)(iii).

Here, the results of Petitioner's WISC-IV, a comprehensive psychological test administered on February 21, 2014, indicated Petitioner's processing speed was 70, with digit symbol-coding in the 3rd percentile, and symbol search in the 6th percentile. (AR 583.)

---

[4] Petitioner does not challenge the ALJ's findings regarding the other four domains of functioning.

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner demonstrated clinically significant deficits (two standard deviations below estimated IQ) in visual perception, short-term visual memory and motor speed, and cognitive flexibility with visual information. (AR 580.) Petitioner asserts, and Respondent does not disagree, that these test scores place Petitioner one point from being three deviations below the norm in this area. However, Respondent argues the ALJ correctly evaluated all of the evidence in determining that the evidence as a whole supported a finding of a less than marked limitation in the two functional areas at issue. The Court agrees.

1. **Acquiring and Using Information**

The domain of acquiring and using information concerns how well a child can acquire or learn information, and how well the child can use that information. This domain involves the child's use of information in all settings, including how well the child can perceive the outside world, think about information, and apply that information to solve problems. 20 C.F.R. § 416.926a(g)(1). The ALJ found Petitioner had less than a marked limitation in acquiring and using information, noting that although Petitioner's processing speed was low, she was otherwise able to perform well in school with appropriate accommodations. (AR 31.) Accommodations included an individualized education plan started on December 1, 2015, based upon results of psychological testing administered by the school assessment team in November 2015. The ALJ highlighted that the school assessment team agreed that Petitioner's score discrepancies between her actual abilities and her test results were "mostly a result of extremely poor processing speed." (AR 31.) The claimant's reading comprehension was at grade level, and her fluency (most likely due

to processing issues) brought the reading composite score down." (AR 26, 31.)

The ALJ also considered that Petitioner's grades were passing, and included A's, B's, and C's in 2013; she made the honor roll the first semester of 2014; with accommodations, Petitioner was able to complete and turn in her assignments; and her reading comprehension in high school was at grade level. (AR 25, 26, 30-31.) Petitioner enjoyed reading chapter books as well. (AR 25, 31.) The ALJ pointed out that, when considered as a whole, Petitioner's overall test scores showed low average to average intelligence. (AR 28.) And finally, the ALJ relied upon the testimony of medical expert Donna Veraldi, Ph.D., and her opinion that Petitioner's deficits in acquiring and using information were less than marked. (AR 28.)

Here, the ALJ did not selectively focus on aspects of the record "which tend to suggest non-disability." *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). In addition to noting Petitioner's academic abilities and skills in comparison to her peers as reflected on standardized testing, the ALJ also documented that Petitioner struggled throughout her academic career to turn in work, stay on task, and remain organized, and that one of her teachers indicated she had difficulty expressing ideas in written form and learning new material. (AR 26, 27.) Although the ALJ did focus considerably upon Petitioner's academic record, the regulations advise that the Commissioner should look to a child's functioning in comparison to her peers when making child disability determinations. 20 C.F.R. § 416.926a(b)(1–3). Accordingly, even though the ALJ's findings drew heavily on an academic record that is susceptible to more than one rational interpretation, the Court finds that substantial evidence in the record supports the ALJ's assessment that Petitioner's

**MEMORANDUM DECISION AND ORDER - 8**

disability is one that is less than marked in "acquiring and using information."

2. **Attending and Completing Tasks**

The domain of attending and completing tasks concerns a child's ability to focus and maintain her attention and her ability to begin, carry through, and finish activities, including the pace at which activities are performed and the ease in changing activities. 20 C.F.R. § 416.926a(h). Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and her ability to prioritize competing tasks and manage her time. *Id*. The ALJ found that Petitioner had less than a marked limitation in attending and completing tasks. (AR 31-32.)

The ALJ found that, although Petitioner's poor processing speed and attention deficit hyperactivity disorder contributed to difficulties in this area, there was evidence in the record supporting that Petitioner was able to complete assignments and generally perform well in school with appropriate accommodations. (AR 32.) The ALJ cited to much of the same evidence as she did with the prior domain—acquiring and using information—to support her determination. Further, the ALJ noted Petitioner's mother reported in October of 2013 that her daughter was completing her work well with accommodations, and she had concerns related to focus and attention only when Petitioner was not taking her medication. (AR 32.) The ALJ observed that teacher questionnaires indicated Petitioner did well with completing tasks, with only Mr. Sonntag, the special education teacher, indicating an obvious problem with refocusing, completing assignments in a timely fashion, and working at a reasonable pace. (AR 27, 32.)

Elsewhere in the written decision, the ALJ pointed out that, in 2013, Petitioner took

part in the school play and learned to knit (AR 26); she participated in extracurricular activities such as a medieval reenactment group, archery, and singing competitions (AR 27); and had a part time job during the summer of 2016 babysitting and doing some housekeeping for a neighbor (AR 27, 652). At the end of the school year on May 24, 2016, Petitioner reported having "good grades." (AR 649.)

The ALJ supported her findings with reference to substantial evidence in the record. The record reflects that Petitioner is able to read at grade level. (AR 32.) Although she needs accommodations to account for her slow processing speed, with them, she can perform well in school and complete assignments. (AR 32.) The Court finds the ALJ did not err in determining Petitioner does not have a "marked" limitation in attending and completing tasks.

## CONCLUSION

Based upon the above, the Court concludes that the ALJ correctly found Petitioner does not have marked limitations in the two domains at issue, and therefore the ALJ correctly determined that Petitioner does not have an impairment or combination of impairments that functionally equals the severity of the listings. Consequently, the Court will affirm the Commissioner's decision.

# ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, it is hereby **ORDERED** that the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.

DATED: September 25, 2019

Honorable Candy W. Dale
United States Magistrate Judge